UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SERENA TRIBBIT, on Behalf of Herself and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>V.<br><br>LQ MANAGEMENT, LLC<br><br>    Defendants | CIVIL ACTION NO. |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Serena Tribbit, by and through undersigned counsel, on behalf of herself and on behalf of all others similarly situated, brings this Complaint against Defendant, LQ Management, LLC (hereinafter "LQ"), and in support of her claim, states as follows:

### PRELIMINARY STATEMENT

1. This Complaint is filed as a collective action under 29 U.S.C. § 216(b), and is brought by and on behalf of persons who are or have been at some time employed during the applicable limitations period as maids and/or housekeepers for Defendant, which operates a La Quinta Inn in Metairie, Louisiana.

2. Defendant employs maids and/or housekeepers or those working in similar job positions, and pays them on an hourly rate for all hours worked, even when more than 40 hours of work is performed in a particular week.

3. Plaintiff and similarly situated employees are sometimes required to work more than 40 hours in a workweek but are not paid an overtime premium for any of their overtime hours.

4. As a result of Defendant's failure to compensate Plaintiffs and similarly situated employees for all hours worked, Defendant has violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff and similarly situated employees, overtime compensation for hours worked in excess of 40 hours in one week as required under the FLSA.

5. Plaintiffs bring this action on behalf of herself and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

7. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and conduct charged herein occurred in this district. Moreover, a substantial amount of the work performed by Plaintiffs for which Defendants failed to pay overtime under the FLSA occurred in the Eastern District of Louisiana.

## THE PARTIES

**Plaintiff**

8. Plaintiff, Serena Tribbit, lives in New Orleans, Louisiana. Plaintiff was employed by Defendant as a maid and/or housekeeper from approximately September 2015 through October 2018. Her written consent is attached hereto as Exhibit 1.

**Defendant**

9. LQ is a Delaware corporation that may be served through its registered agent, Corporate Creations Network, Inc at 1070-B West Causeway Approach, in Mandeville, Louisiana 70471.

10. LQ operates the La Quinta Inn located at 3100 S I-10 Service Road East, in Metairie, Louisiana.

11. LQ is an "employer" of Plaintiff and Class Members as that term is defined by the FLSA.

12. At all relevant times, LQ maintained control, oversight, and direction over Plaintiff and Class Members, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

13. At all relevant times, LQ has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

14. Upon information and belief, LQ's gross annual sales made or business done has been $500,000 or greater per year at all relevant times.

## FACTUAL ALLEGATIONS

15. Plaintiff and similarly situated employees work or worked for Defendant as maids and/or housekeeper during the applicable statutory period.

16. Plaintiff and similarly situated employees perform room cleaning services at the hotel operated by Defendants.

17. Defendant compensated Plaintiff and similarly situated employees for their work on an hourly basis.

18. Defendant suffered and permitted Plaintiff and similarly situated employees to work more than forty (40) hours per workweek.

19. Defendant has a common policy of not paying Plaintiff and similarly situated employees at a rate of one and one-half (1.5) times their regular pay for the overtime hours they worked as required by the FLSA.

20. In calculating Plaintiff and similarly situated employees' wages, Defendant only paid them their regular rate (*i.e.*, straight time rate), rather than the legally required one and one-half (1.5) times their regular rate of pay for hours in excess of forty (40) per workweek.

21. Defendant willfully operated under a common scheme to deprive Plaintiff and similarly situated employees of overtime compensation by paying them less than what is required under federal law.

22. As a large nationwide corporation, Defendant was or should have been aware that Plaintiff and similarly situated employees performed work that required proper payment of overtime compensation.

23. Defendant knew that Plaintiff and similarly situated employees worked overtime hours without receiving proper overtime pay because Defendant maintained and recorded the hours worked by Plaintiff and similarly situated employees.

24. Defendant was aware, or should have been aware, of its unlawful payment practices and recklessly chose to disregard the consequences of its actions.

## FLSA COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of herself and all similarly situated individuals. The proposed collective class ("Class Members") is identified as follows: All maids and/or housekeepers who worked for LQ Management, LLC at the La Quinta Inn in Metairie, Louisiana within the last three years.

26. Plaintiff consents in writing to assert her claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is filed with the Court as Exhibit 1 to this Complaint.

27. As the case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

28. Members of the proposed Class Members are known to Defendant and are readily identifiable through Defendant's records.

29. Plaintiff and the Class Members are all victims of Defendant's widespread, repeated, systematic, and consistent illegal policies that have resulted in willful violations of their rights under the FLSA, 29 U.S.C. § 201, *et seq.*, and that have cause significant damage to Plaintiff and the Class Members.

30. The Class Members would benefit from the issuance of court-supervised notice of this lawsuit and an opportunity to join by filing their written consent.

**COUNT I – FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA**

31. Plaintiff realleges and incorporates by reference the above paragraphs as if fully set forth herein.

32. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (s)(1).

33. The FLSA, 29 U.S.C. § 207, requires covered employers like Defendant to pay non-exempt employees like Plaintiff and the Class Members no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

34. Plaintiff and the Class Members sometimes worked more than forty (40) hours per week for Defendant, but Defendant did not properly compensate them for all of their overtime hours as required by the FLSA.

35. Defendant has not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the Class Members.

36. Defendant knew Plaintiff and the Class Members worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the Class Members wages at the required overtime rate pursuant to 29 U.S.C. § 225.

37. Defendant's willful failure and refusal to pay Plaintiff and the Class Members overtime wages for time worked violates the FLSA, 29 U.S.C. § 207.

38. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Class Members have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the Class Members are also entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

**WHEREFORE**, Plaintiff, Serena Tribbit, prays for all the following relief:

A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiffs and their counsel to represent the collective action members.

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C. An award of any pre-judgment and post-judgment interest;

D. An award of costs and expenses of this action, together with reasonable attorney's fees and expert fees; and

E. Such other legal and equitable relief as the Court deems appropriate.

Respectfully Submitted:

*/s/ Preston L. Hayes*

_____
PRESTON L. HAYES (#29898)
RYAN P. MONSOUR (#33286)
BARRY W. SARTIN (#34075)
*Chehardy, Sherman, Williams, Murray, Recile, Stakelum & Hayes, L.L.P.*
One Galleria Boulevard, Suite 1100 Metairie, Louisiana 70001
Telephone: (504) 833-5600/Fax: (504) 613-4528
*Counsel for Plaintiff*